Alleging that she was the owner of certain pressing shop equipment and lessee of the premises at No. 1517 Peabody Street, Shreveport, Louisiana, where she had conducted a cleaning and pressing establishment, and that the defendant, Ned D. Davis, had "without any right whatsoever" moved into the named premises and wrongfully taken and kept possession of all of the pressing shop and equipment located therein, plaintiff filed suit praying to be declared owner of the movable property and entitled to possession of the premises, and for damages itemized as follows:
For use and occupancy of the prem- ises 1517 Peabody Street, Shreve- port, La., from July 16, 1946 and until defendant vacates such premises, yet reserving right to petitioner to sue for any amount due and owing after rendition of judgment herein, rent at the rate of $16.50 per month, that is July 16, 1946 to August 16, 1946 ..... $ 16.50
For use of petitioner's equipment in the premises, yet reserving the right to petitioner to sue for any amount due and owing after rendition of judgment herein, at the rate of $1.00 per day, for from July 16, 1946 to August 16, 1946 ........................... 30.00
For inconvenience, embarrassment and mental anguish.............. 250.00
Attorneys fees for having brought this suit ...................... 100.00 ------- Total ........................ $396.50 *Page 608 
The defendant admitted that Velma Randall had owned and conducted a cleaning and pressing business on the premises in question for several years prior to July 16, 1946. He alleged that on that date she sold the business, furniture and fixtures complete, together with the leasehold or right of occupancy, to him for a cash consideration of $35, with the obligation on his part to assume all future rent and all outstanding utility bills; that she went with him to one Bernice Miles, agent of the landlord, where she gave notice that she had sold the premises to Davis and informed this agent that Davis would be the future tenant; and that he has occupied the premises, paid his rent, and conducted the business since that date.
From a judgment of the City Court of Shreveport rejecting her demands, plaintiff prosecutes this appeal.
The issue presented for decision is one of fact. Davis testified that he had discussed possible purchase on a previous occasion; that upon renewal of negotiations, he looked the place over and first agreed to give her $50, including the utility bills, but that when he found out the electric, water and gas bills (deposits) were in other names, he reduced the offer to $35, which she accepted; and that she met him at the landlord's office and told his agent that she was selling out to Ned Davis, who would thereafter pay the rent. He produced, as corroborating witnesses, his two children who testified that they saw him pay some money to Velma Randall, although they could not say how much.
The landlord's agent, Bernice Miles (colored), testified that plaintiff and defendant came upstairs to the office on July 15, 1946, where plaintiff stated that Davis "was going to take the place over," and that the following day the plaintiff returned and paid two weeks' rent and that the defendant also came on the same day and paid two weeks' rent, and that he continued to pay the rent until the date of trial, October 10, 1946; that plaintiff had made another payment of $8.25, and, when asked whether it was a payment for rent, she said, "I just told her I would hold it until everything was settled." This agent further testified that she considered Davis the renter "until some settlement was made on it."
The trial judge decided the issue in favor of the defendant, who was in possession of the premises at the time of trial and had been since the date he claimed to have purchased the business. His testimony that plaintiff had sold the business to him was to some extent corroborated by the testimony of the landlord's agent. Plaintiff introduced two witnesses, other than herself, neither of whose testimony bore directly upon the issue before the court.
Our study of the record brings us to conclude that the plaintiff failed to discharge the burden of making out her case and that the trial judge correctly rendered judgment rejecting her demands.
Judgment affirmed with costs.